UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS DIMATTINA,

    Plaintiff,

v.                                      CASE NO. 8:17-cv-840-T-23JSS

WESTGATE RESORTS, LTD.,

    Defendant.

_____/

**ORDER**

Thomas Dimattina, a permanently disabled person, suffers from motor and sensory impairment caused by an injured spine and neck.  (Doc. 13 at 2)  Dimattina alleges (Doc. 13) that the defendant violated Title III of the Americans with Disabilities Act by denying Dimattina "full and equal access and full and equal enjoyment of the" defendant's "facilities, services, goods, and amenities."  Also, Dimattina alleges negligence; the defendant moves (Doc. 19) under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the negligence claim.

**DISCUSSION**

**Negligence**

Negligence includes "a violation of any . . . statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury."  *DeJesus v. Seaboard Coast R.R. Co.*, 281 So. 2d 198, 201 (Fla. 1973).

To state a claim for negligence based on an alleged violation of the ADA, the plaintiff "must establish membership in the class of persons the statute intended to protect, demonstrate that the injury is of the type the statute was designed to protect, and show that the injuries are a proximate result of the violation of the statute." *Torres v. Offshore Professional Tour, Inc.*, 629 So. 2d 192, 194 (Fla. 3d DCA 1993)).

Dimattina alleges (1) that the defendant is under a duty to "prohibit and prevent discrimination and exclusion" of the disabled,[1] (2) that Dimattina suffered "embarrassment" and emotional distress because Dimattina is unable to use his mobility device as a result of discrimination, and (3) that the injury suffered by Dimattina is the "very harm the ADA was intended to prevent." (Doc. 23 at 5–7)

But the ADA is not "designed" to protect the disabled from physical or emotional injury. *White v. NCL America, Inc.*, No. 05-22030-CIV, 2006 WL 1042548, at *5 (S.D. Fla. Mar. 8, 2006) (Seitz, J.). The ADA protects against the lack of access to a facility available to those without a disability. As stated in *Jairath v. Dyer*, 154 F.3d 1280, 1283 (11th Cir. 1998), a disabled person's emotional or psychological response to lack of access is neither actionable nor remediable under the ADA.[2]

---

[1] The only duty that Dimattina alleges the defendant breached is the defendant's purported duty "to provide access to [Dimattina] and other disabled persons to [the defendant's] facility pursuant to the ADA." (Doc. 13 at ¶ 5)

[2] A plaintiff "may not use the ADA's standards alone to impose a duty on the defendants. This is not to say that a disabled person can never bring a common law action arising from injuries caused by negligent conduct in the context of public accommodation. Rather, to do so a plaintiff must identify a recognized duty at common law, independent of the ADA standards." *White*, 2006 WL 1042548, at *5.

Also, Dimattina's claim for negligence fails because a "private plaintiff" cannot recover damages for a breach of the ADA. *Am. Bus. Ass'n v. Slater*, 231 F.3d 1, 5 (D.C. Cir. 2000) ("Congress distinguished between the remedies available for public enforcement and for private enforcement, thus clearly manifesting its intent to prevent private plaintiffs from recovering money damages under the ADA.").

## CONCLUSION

Dimattina fails to demonstrate that the injury he suffered is actionable or remediable under the ADA. The defendant's motion (Doc. 19) to dismiss Count II is **GRANTED**, and Count II is **DISMISSED WITH PREJUDICE**.

ORDERED in Tampa, Florida, on January 25, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE